# United States District Court
# Central District of California

| | |
|---|---|
| JONATHAN STARTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.;<br>QUALITY LOAN SERVICES<br>CORPORATION; and DOES 1–50,<br>inclusive,<br><br>    Defendants. | Case № 2:16-cv-09627-ODW (PLA)<br><br>**ORDER RE: RELIEF FROM**<br>**ORDER DISMISSING DEFENDANT** |

On March 8, 2017, the Court granted Defendant JPMorgan Chase Bank, N.A.'s Motion to Dismiss with prejudice based on Plaintiff Jonathan Startz's failure to file a timely opposition. ECF No. 13; C.D. Cal. R. 7-12; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Shortly thereafter, Plaintiff filed a letter with the Court stating that he did not timely oppose the motion because he had been abandoned by his attorney, and requested additional time in which to retain a new attorney and oppose the motion. (ECF No. 14.) Until then, Plaintiff intends to represent himself *pro se*. (*See id.*)

The Court construes Plaintiff's letter as a motion for relief from an order under Federal Rule of Civil Procedure 60(b). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed."). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order,

1 or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R.
2 Civ. P. 60(b)(1).  "To determine when neglect is excusable, we conduct the equitable
3 analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of
4 prejudice to the opposing party; (2) the length of the delay and its potential impact on
5 the proceedings; (3) the reason for the delay; and (4) whether the movant acted in
6 good faith.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting
7 *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)).  However, these
8 factors do not constitute "an exclusive list."  *Bateman*, 231 F.3d at 1223.  "The
9 determination of whether neglect is excusable 'is at bottom an equitable one, taking
10 account of all relevant circumstances surrounding the party's omission.'" *Lemoge*,
11 587 F.3d at 1192 (citations omitted).

12 Here, it appears that relief is appropriate.  First, there will be little (if any)
13 prejudice to Defendant besides Defendant losing its "quick victory." *Bateman*, 231
14 F.3d at 1225.  Second, there has been no delay by Plaintiff in seeking this relief.
15 Third, Plaintiff provides a reasonable explanation for failing to timely oppose the
16 Motion: his attorney abandoned him.  While an attorney's negligent conduct is
17 generally imputed to the client, a client unknowingly abandoned by his attorney
18 should not "suffer the ultimate sanction of losing his case without any consideration of
19 the merits."  *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d
20 190, 195 (6th Cir. 1986); *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir.
21 2002).  Fourth, the movant appears to be acting in good faith by taking steps to
22 preserve his case despite his attorney's abandonment.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

In light of the foregoing, the Court **ORDERS** Defendant JPMorgan Chase Bank, N.A. to **SHOW CAUSE**, in writing, no later than **March 15, 2017**, why the Court should not grant Plaintiff relief from the Court's March 8 order granting Defendant's Motion to Dismiss.  No hearing will be held.

**IT IS SO ORDERED.**

March 10, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**