O

# United States District Court
# Central District of California

| | |
|---|---|
| JONATHAN STARTZ, | Case № 2:16-cv-09627-ODW (PLA) |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION [26]** |
| JPMORGAN CHASE BANK, N.A.; QUALITY LOAN SERVICE CORPORATION; and DOES 1–30, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Jonathan Startz moves for a preliminary injunction to enjoin Defendants from foreclosing on real property that Plaintiff owns. (ECF No. 26.) After reviewing the papers filed in support of and in opposition to the Motion, the Court deems the Motion appropriate for decision without oral argument, Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15, and thus **VACATES** the hearing date on this Motion. Moreover, for the reasons discussed below, the Court **DENIES** the Motion.

## II. FACTUAL BACKGROUND

In 2007, Plaintiff and his wife Marie Startz obtained a mortgage from Washington Mutual Bank (later sold to Chase) to purchase property in Westlake

Village, California. (Compl. ¶ 9; Bouvee Decl., Ex. A at 17.)[1] In or around July 2015, after falling behind on his mortgage payments, Plaintiff called Chase and requested a payment plan to help him bring his payments current. Chase instructed Plaintiff to submit a written Request for Mortgage Assistance. (Compl. ¶¶ 10–11.) Plaintiff subsequently submitted such a Request ("RMA #1"), along with various supporting documentation, to Chase. (*Id.*) On January 25, 2016, Chase sent Plaintiff a letter informing him that it had finished its review of RMA #1 and identified options for which Plaintiff was and was not eligible. (*Id.* ¶ 17, Ex. 3; Bouvee Decl., Ex. A.) The letter indicated that Plaintiff was eligible for short sale assistance or a deed-in-lieu of foreclosure, but that he was not eligible for any loan modification or mortgage forgiveness programs. (Bouvee Decl., Ex. A at 9–10.)

Shortly thereafter, Plaintiff contacted Chase and again requested a payment plan for the amount that he was in arrears. (Compl. ¶ 18.) Chase "responded that they would look into the matter and get back to him." (*Id.*) On March 1, 2016, Chase sent a letter to Plaintiff stating that Plaintiff must submit a further written Request for Mortgage Assistance along with a list of specific documents on or before March 31, 2016. (Compl. ¶ 19, Ex. 4.) Four days later, Plaintiff submitted the further Request ("RMA #2") along with "all requested information" to Chase. (*Id.* ¶ 20.)[2] On May 24, 2016, Chase sent a letter to an attorney retained by Plaintiff indicating that it still required a proof of occupancy for the "additional customer," and that Plaintiff must submit this documentation on or before June 16, 2016. (*Id.* ¶ 26, Ex. 7.) On June 23, 2016, Plaintiff's attorney sent Chase a letter stating that the "additional customer"—to the extent that Chase was referring to Marie Startz—no longer lives at the property, for she and Plaintiff were in the divorce process and the property would be awarded to Plaintiff as his separate property. (*Id.* ¶ 28, Ex. 9.)

---

[1] Because Plaintiff has verified his complaint, the allegations constitute evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

[2] On March 14, 2016, Chase recorded a notice of default against the property. (Compl. ¶ 22.) However, Chase later rescinded that notice of default. (*Id.* ¶ 27, Ex. 8.)

On July 18, 2016, Defendant Quality Loan Service ("QLS") recorded a notice of default against the property. (*Id.* ¶ 29, Ex. 10.) Plaintiff's attorney subsequently informed Chase on two occasions that the notice was unlawfully recorded because Plaintiff's loan modification application was still outstanding. (*Id.* ¶¶ 30–31, Ex. 11–12.) On September 16, 2016, Chase sent Plaintiff's attorney a letter indicating it was "currently" reviewing the loan "for any available payment assistance options," and that it suspended foreclosure activity on the home pending this review. The letter indicated that Chase "still require[d] further documentation to prove that our customers currently occupy the subject property, and an appraisal needs to be completed." (Bouvee Decl., Ex. B.) The letter further declined to rescind the March 10, 2016 notice of default[3] because Plaintiff's loan payments were not current. (*Id.*)

On November 14, 2016, QLS recorded a notice of trustee's sale, scheduling the sale date for December 9, 2016. (*Id.* ¶ 32, Ex. 13.) Four days later, Chase sent a letter to Plaintiff's attorney indicating that it had finished reviewing RMA #2, and that it had again determined that Plaintiff was eligible for only short sale assistance or a deed-in-lieu of foreclosure, and not for any loan modification program. (Bouvee Decl., Ex. D at 33–39.) On December 2, 2016, Plaintiff filed this action in the Ventura Superior Court and immediately sought a temporary restraining order to enjoin the foreclosure sale. (Not. of Removal, Exs. E–H.) It is unclear whether or not the state court granted the application, but nonetheless it appears that the sale never went forward.

On December 5, 2016, Chase sent a letter to Plaintiff's attorney denying that the loan was dual-tracked, stating that "[a]s of November 9, 2016, our request for proof of occupancy was still outstanding," and thus Chase did not have a complete modification package. (Bouvee Decl., Ex. C.) Further, the letter stated that Chase "d[id] not have records showing we denied our client's payment assistance review on

---

[3] It appears that Chase was actually referring to the July 2016 Notice of Default since the March 2016 notice of default was previously rescinded.

July 18, 2016," and that at the time they were "still reviewing our client for payment assistance programs." (*Id.*)

On December 29, 2016, Chase removed this action to federal court. (ECF No. 1.) On March 24, 2017, QLS recorded a further notice of trustee's sale, which set a sale date of April 25, 2017. (Klein Decl., Ex. A.) On April 20, 2017, Plaintiff filed an ex parte application for a temporary restraining order seeking to enjoin the April 25 foreclosure sale. (ECF No. 26.) Chase responded that it would postpone the foreclosure sale until May 25, 2017, so that Plaintiff's application could be fully briefed as a motion for preliminary injunction. (ECF No. 28.) The Court thus set a briefing schedule on the Motion. (ECF No. 29.) Chase filed a timely opposition to the Motion, but Plaintiff did not file a timely reply. (ECF No. 38.) Plaintiff's Motion is now before the Court for decision.

### III. LEGAL STANDARD

A court may enter a preliminary injunction where the moving party shows: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest (the "*Winter* factors"). *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (original emphasis). In the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can [also] support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132, 1135 (holding that the "sliding scale" test remains viable "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest").

### IV. DISCUSSION

Plaintiff asserts the following claims in his Complaint: (1) dual-tracking of the

loan in violation of the California Homeowners Bill of Rights Act ("HBOR"), Cal. Civ. Code § 2923.6(c), and 12 C.F.R. § 1024.41; (2) failure to post the notice of trustee's sale on the property in violation of HBOR, Cal. Civ. Code § 2924f(b)(3); and (3) injunctive relief. (ECF No. 1-2.)

The Court finds that while the foreclosure may cause Plaintiff irreparable harm, none of the other *Winter* factors favor granting a preliminary injunction.

**A.  Likelihood of Prevailing on Merits**

**1.  Claim 1: Dual Tracking**

HBOR prohibits a lender from dual-tracking a loan as follows:

> If a borrower submits a complete application for a first lien loan modification . . . [the] trustee . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending. A . . . trustee . . . shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:
> (1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.
> (2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.
> (3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c). "For purposes of this section, an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer." Cal. Civ. Code § 2923.6(f). If a lender dual tracks a loan, the court may enjoin "any trustee's sale . . . until the court determines that the mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent has corrected and remedied the violation or violations giving rise to the action for injunctive relief." Cal. Civ. Code § 2924.12(b).

Here, neither Plaintiff's allegations nor any evidence Plaintiff submits shows

that either the operative notice of default or the operative notice of trustee's sale was recorded while a complete application was pending review. Contrary to Plaintiff's assertions, it appears Plaintiff did in fact receive Chase's written response to RMA #1 in January 2016, wherein Chase determined that Plaintiff was ineligible for loan modification assistance. (Bouvee Decl., Ex. A.) With respect to RMA #2, Plaintiff did not submit a complete application to Chase. Chase informed Plaintiff that it required proof of occupancy for the "additional customer" (presumably Marie Startz) on or before June 16, 2016; however, Plaintiff did not provide this information before that date. While Plaintiff sent a letter to Chase approximately one week later indicating that Ms. Startz no longer lived at the property, HBOR requires that Plaintiff provide all information supporting a loan modification application "within the reasonable timeframes *specified by the mortgage servicer*." Cal. Civ. Code § 2923.6(f) (emphasis added). Because Plaintiff failed to provide such information by the date specified by Chase, the application was not complete, and "[w]ith no complete application submitted, the HBOR provides no impediment to foreclosure." *Valentino v. Select Portfolio Servicing, Inc.*, No. 14-CV-05043-JCS, 2015 WL 1906122, at *4 (N.D. Cal. Apr. 24, 2015) (loan was not dual-tracked where homeowner failed to submit required documentation to lender within time specified by lender). Thus, QLS's recordation of the notice of default in July 2018 did not constitute dual-tracking. For the same reason, the operative notice of trustee's sale, recorded on March 24, 2017, was not the result of dual-tracking. The Court also notes that Chase formally denied the incomplete RMA #2 in writing in November 2016 anyway, which was long before it recorded the March 2017 notice of trustee's sale.

While Chase does not discuss the issue, the Court is also troubled by Plaintiff's submission of RMA #2 almost immediately following Chase's denial of RMA #1. Under HBOR, "[i]n order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications from borrowers who have

already been . . . evaluated . . . consistent with the requirements of this section, unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." Cal. Civ. Code § 2923.6(g). Here, the Court cannot find any evidence that Plaintiff's financial circumstances substantially changed between the two applications, and the relatively short timeframe between the two applications suggest there was no such change. Thus, the Court doubts that Chase had any obligation to even consider the second application.

Finally, as to Plaintiff's claim under 12 C.F.R. § 1024.41, Plaintiff does not indicate which of the myriad subsections of that regulation Chase allegedly violated. The Court declines to independently review and determine Chase's compliance with each and every requirement of § 1024.41.

### 2. Claim 2: Failure to Post Notice of Trustee's Sale

HBOR requires that the lender post the notice of trustee's sale "in a conspicuous place on the property to be sold at least 20 days before the date of sale." Cal. Civ. Code § 2924f(b)(3). However, HBOR does not provide for injunctive relief based on a violation of this section. *See* Cal. Civ. Code § 2923.6. Moreover, the notice of trustee's sale that was operative at the time Plaintiff filed the complaint is no longer operative, and Plaintiff does not suggest that Chase violated this section with respect to the most recently-recorded notice of trustee's sale. Thus, the purported violation of this section is not a basis on which to enjoin the foreclosure.

### B. Irreparable Harm

Plaintiff argues that the foreclosure of his property constitutes an immediate and irreparable harm. "Several courts have determined that the loss of one's residence through foreclosure constitutes irreparable injury." *De Vico v. U.S. Bank*, No. CV 12-08440 MMM FFMX, 2012 WL 10702854, at *5 (C.D. Cal. Oct. 29, 2012); *Nichols v. Deutsche Bank Nat. Trust Co.*, No. CIV. 07CV2039-L NLS, 2007 WL 4181111, at *3 (S.D. Cal. Nov. 21, 2007); *Dumas v. First N. Bank*, No. CIV.S-10-1523 LKK/DA,

2011 WL 567358, at *2 (E.D. Cal. Feb. 15, 2011); *Lane v. CitiMortgage, Inc.*, No. 2:14-CV-02295-KJM, 2014 WL 6670648, at *6 (E.D. Cal. Nov. 21, 2014) ("Loss of a principal residence is normally sufficient to establish irreparable harm."); *but see Mandrigues v. World Sav., Inc.*, No. C 07-4497 JF (RS), 2009 WL 160213, at *3 (N.D. Cal. Jan. 20, 2009) ("[W]hether a particular foreclosure constitutes irreparable harm turns in part on the reasons for foreclosure."). Chase argues that this property is not Plaintiff's principal residence, and submits a lease agreement purporting to show that Plaintiff leased the premises to other persons for portions of 2015 and 2016. However, Chase does not submit a declaration that authenticates the lease, and Chase cites no authority for the dubious proposition that the lease is subject to judicial notice simply because a signature on it appears similar to Plaintiff's. *See generally* Fed. R. Evid. 201. Thus, for the purposes of this Motion, the Court concludes that Plaintiff has established this prong of the *Winter* test.

## C. Equities and Public Interest

The Court concludes that neither the equities nor the public interest favor an injunction here. In Chase's January 2016 response to Plaintiff's RMA #1, Chase noted that Plaintiff had already failed to make eleven mortgage payments. (Bouvee Decl, Ex. A at 18.) Indeed, in the July 2016 notice of default, Chase indicates that Plaintiff was $132,816.13 in arrears. Plaintiff makes no showing that he is willing or able to bring his loan payments up to date. While ejection from one's home is certainly a distressing prospect, no lender can be expected to indefinitely forgive missed payments for a debt that the homeowner has no reasonable prospect of satisfying. *See Lane*, 2014 WL 6670648, at *6. Thus, the Court cannot conclude that either the equities or the public interest are in Plaintiff's favor.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion for a Preliminary Injunction. (ECF No. 26.)

**IT IS SO ORDERED.**

May 19, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**